THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TEMPERATE PARADISE PROPERTIES, LLC, a Washington limited liability company, dba WATERWORKS MARINA, <br><br> Plaintiff, <br><br> v. <br><br> M/V DOG'S HOUSE, Official No. 1266706, its Engines, Machinery, Appurtenances, etc., *in rem*, <br><br> and <br><br> GORDON MYERS, *in personam*, <br><br> Defendants. | CASE NO. C17-1582-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff's motion for an order appointing a substitute custodian and for authority to move the subject vessel (Dkt. No. 5). Having thoroughly considered the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion.

Plaintiff Temperate Paradise Properties, LLC dba Waterworks Marina, by and through its attorney of record, makes the following recitals pursuant to Local Admiralty Rule 135(b):

ORDER
C17-1582-JCC
PAGE - 1

1. On October 23, 2017, the Complaint herein was filed praying that the *in rem* defendant M/V DOG'S HOUSE, Official number 1266706 (hereinafter, the "Vessel"), be arrested pursuant to Rule C of the Supplemental Rules for Admiralty Claims and Asset Forfeiture Actions.

2. In the immediate future, the Clerk of this Court is expected to issue a Warrant for the Arrest of the Vessel commanding the United States Marshal for this District to arrest and take the Vessel into custody and to detain the same in his custody until further order of this Court.

3. It is contemplated that the United States Marshal will seize the Vessel forthwith. Custody by the United States Marshal requires the services of one or more keepers at charges substantially in excess of those to be made by the substitute custodian alone, not including charges for moorage and the other services usually associated with safekeeping of watercraft similar to the Vessel.

4. The Vessel is currently moored at 1818 Westlake Avenue North, Slip E-22, Seattle, Washington, 98109. After its arrest, the Vessel will be towed to Lake Union Drydock, 1515 Fairview Avenue East, Seattle, Washington 98102, which is a closed facility with docks adequate to securely moor the Vessel. Arrangements have been made with Campbell Maritime, Inc. to tow the Vessel to Lake Union Drydock for a flat-rate of $500.00.

5. Plaintiff desires to allow Dock Street Custodial, LLC, to assume the responsibility of safekeeping and storage of the Vessel, and Dock Street Custodial, LLC has consented to act as custodian until further order of this Court. Fees and expenses to be charged by Dock Street Custodial, LLC will be substantially less than the cost of leaving the Vessel in the custody of the United States Marshal.

6. Jeff Osborn, the managing member of Dock Street Custodial, LLC, by his certification filed herewith, states that: (a) neither he nor Dock Street Custodial, LLC has any interest in the outcome of this action; (b) he can arrange for adequate facilities and supervision for the proper safekeeping of the Vessel; and (c) he has obtained liability insurance with policy

limits of not less than $1,000,000.00, which is expected to be adequate to respond in damages for loss or injury to the Vessel or for damages sustained by third parties due to any acts, fault, or negligence of the substitute custodian. Further, in said certification, Dock Street Custodial, LLC agrees to accept custody of the Vessel that is the subject of the action herein in accordance with the terms of this order.

      7.     Once moored at Lake Union Drydock, the Vessel will not be moved and no person other than the appointed substitute custodian will be allowed to enter the Vessel except as necessary to adequately safekeep and protect the Vessel or as expressly ordered by the Court.

      8.     In consideration of the United States Marshal's consent to the appointment of Dock Street Custodial, LLC as substitute custodian, plaintiff agrees to release the United States and the United States Marshal from any and all liability and responsibility arising out of the care and custody of the Vessel from the time that the Marshal transfers possession of the Vessel to the substitute custodian until the Vessel is released or sold, and plaintiff further agrees to hold harmless and indemnify the United States and the United States Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping.

**THEREFORE, IT IS ORDERED** that the United States Marshal for the Western District of Washington is authorized and directed—upon seizure of the Vessel—to surrender possession thereof to Dock Street Custodial, LLC as substitute custodian named herein, and that upon such surrender the United States Marshal shall be discharged from the duties and responsibilities for the safekeeping of the Vessel and held harmless from any and all claims arising whatever out of said custodial services.

**IT IS FUTHER ORDERED** that Dock Street Custodial, LLC is appointed substitute custodian of the Vessel and shall retain the Vessel in its custody for possession and safekeeping until further order of this Court. The substitute custodian is not required to have a person live on board the Vessel, but an officer or authorized agent of the substitute custodian shall go on board from time to time to carry out the duties of substitute custodian. No other person shall be

allowed to enter the Vessel except as provided for herein or as otherwise expressly authorized by order of this Court.

**IT IS FURTHER ORDERED** that the defendant Vessel may be moved by safe means from its present moorage to Lake Union Drydock at 1515 Fairview Avenue East, Seattle, Washington 98102. The substitute custodian shall notify the office of the United States Marshal when the Vessel is to be moved and shall again notify the office of the United States Marshal when the Vessel has been moved and is securely moored. Once the Vessel has been moved and moored at Lake Union Drydock, it may not be moved again without further order of the Court.

**IT IS FURTHER ORDERED** that the substitute custodian may, but is not required to, retain a locksmith and take said locksmith on board the Vessel to assist in moving and securing the Vessel.

**IT IS FURTHER ORDERED** that plaintiff shall arrange to pay charges for towing and moorage of the Vessel, shall pay the fees and costs of the substitute custodian, and shall reimburse the substitute custodian for costs incurred in securing the Vessel. Such costs may, upon further order of this Court, be deemed administrative costs herein.

**IT IS FURTHER ORDERED** that Plaintiff's attorney shall send a copy of this order to the owner of the Vessel by Certified Mail, Return Receipt.

The Court DIRECTS the Clerk of Court to deliver three certified copies of this order to the United States Marshal forthwith.

DATED this 25th day of October 2017.

James L. Robart
UNITED STATES DISTRICT JUDGE